## TRAVERS v. FOOTE.

(Court of Appeals of District of Columbia. Submitted January 19, 1925. Decided March 2, 1925.)

No. 1703.

1. Patents ⬥106(3)—Junior party in interference proceeding has burden of establishing his case beyond reasonable doubt.

Junior party in interference proceeding has burden of establishing his case beyond reasonable doubt.

2. Patents 90(5)—Mere proof of construction of skeleton chair base, without proof of test of device, held insufficient to establish reduction to practice.

Mere making of skeleton chair base, without proof of testing such device, is insufficient to establish reduction to practice.

3. Patents ⬥90(3)—Two years' inactivity, after disclosure, held lack of diligence, disentitling claimant to award of priority.

More than two years' inactivity after disclosure of invention, during which there was no reduction to practice, held lack of diligence, disentitling claimant to award of priority.

Appeal from Concurrent Decisions of Commissioner of Patents.

Interference proceeding by Thomas W. Foote, senior party, against Charles J. Travers, junior party. From concurrent decisions of Patent Office, awarding senior party priority, junior party appeals. Decision affirmed.

G. L. Wilkinson and C. L. Byron, both of Chicago, Ill., for appellant.

W. F. Hall, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office in an interference proceeding awarding priority to the senior party and patentee Foote, appellant's application not having been filed until more than four months after Foote's

patent issued. The invention relates to chair bases for office chairs of the revolving type and is defined in the following count:

"A chair or other base, comprising a series of legs provided at their inner ends with inwardly disposed tenons, and connecting filler blocks arranged between said legs, said blocks having their inner faces provided with a series of tenons spaced apart to form intermediate mortises, said tenons being staggered with relation to the tenons of the legs."

In chair bases of the prior art, the wooden legs are secured to a metallic spider, in the center of which are located the swivel and screw whereby the chair seat may be revolved, raised or lowered. The declared object of this invention is to do away with the metallic spider, by securing the legs together through the instrumentality of corner interlocking blocks. It may be assumed that the evidence satisfactorily establishes August of 1917 as Foot's date of conception, November of that year for disclosure, and August of 1918 for reduction to practice. His application was filed on December 23, 1918, and a patent issued on May 13, 1919.

The tribunals of the Patent Office have held, and after a careful examination of the record we concur in the finding, that Travers disclosed the invention through the medium of a drawing on December 3, 1916, and that early in August of 1917 he constructed a skeleton chair base embodying the novel features of the invention. But there is no evidence, aside from the testimony of Mr. Travers, as to the testing of that device. It then was put away, and there was no further activity on the part of Travers until, learning of the issuance of Foote's patent, he filed an application on October 1, 1919.

[1-3] In view of the long-established and consistently followed rule of evidence requiring the junior party, in a situation like this, to establish his case beyond a reasonable doubt, we are constrained to rule that the mere making of the skeleton chair base did not amount to reduction to practice of the invention. Possibly the test to which it was subjected demonstrated that the invention had been completed; but this we may not assume, in the absence of corroborating evidence of a convincing character. Not having reduced to practice, it follows that Travers' inactivity, covering a period of more than two years, constituted lack of diligence, disentitling him to an award of priority. The decision therefore is affirmed.

Affirmed.